IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GREGG CRAWFORD and )<br>FRANCIS EVERSMAN, )<br>)<br>Defendants. ) | CRIMINAL NO. _25-CR-30095-NJR<br><br>Title 18, United States Code,<br>Sections 2, 1344(2), 1349 |

## INFORMATION

**THE UNITED STATES CHARGES:**

### COUNT ONE

**Conspiracy to Commit Bank Fraud
18 U.S.C. § 1349**

1. Beginning at least as early as in or about November 2011, to at least as late as in or about March 2020, in Clinton County, within the Southern District of Illinois, and elsewhere,

**GREGG CRAWFORD** and **FRANCIS EVERSMAN**

defendants herein, and others known and unknown to the United States, conspired with each other to knowingly execute a scheme and artifice to obtain money and property owned by, or under the custody or control, of a financial institution by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344(2).

2. At times relevant to this Information:

    a. Defendant **CRAWFORD** was an officer in Main Street Developers LLC and, later, Mid America Contracting, Inc., both being construction companies located in the Southern District of Illinois.

    b.  Defendant **EVERSMAN** was a Senior Loan Officer at Tempo Bank in Trenton, Illinois.

    c.  Tempo Bank's deposits were insured by the Federal Deposit Insurance Corporation.

  3.  It was a part of the scheme and conspiracy that defendant **CRAWFORD** recruited straw purchasers, many of whom were financially disadvantaged, to purchase properties on his behalf.

  4.  It was a part of the scheme and conspiracy that defendant **CRAWFORD** recruited financially disadvantaged individuals by convincing them that their straw purchases would improve their credit ratings.

  5.  It was a part of the scheme and conspiracy that defendant **CRAWFORD** obtained appraisals on the straw-purchased properties based upon promises of future improvements and renovations to the properties.

  6.  It was a part of the scheme and conspiracy that the loan applications to Tempo Bank falsely listed straw purchasers as residents of the properties.

  7.  It was a part of the scheme and conspiracy that defendant **EVERSMAN,** the brother-in-law of defendant **CRAWFORD,** steered the fraudulent loans through the approval process at Tempo Bank.

  8.  It was a part of the scheme and conspiracy that defendant **EVERSMAN,** from in or November 2011, to in or about March 2017, approved 30 fraudulent loans.

  9.  It was a part of the scheme and conspiracy that defendant **CRAWFORD** used some of the loan proceeds for purposes other than the promised improvements and renovations on the straw-purchased properties.

10. It was a part of the scheme and conspiracy that defendant **CRAWFORD** paid straw purchasers in exchange for having the straw purchasers' names on the property.

11. It was a part of the scheme and conspiracy that defendant **CRAWFORD** promised straw purchasers that he would, and did in fact, make payments on the properties that were in straw purchasers' names.

12. It was a part of the scheme and conspiracy that defendant **CRAWFORD** repurchased some of the properties from the straw purchasers for no payment but assumed the loans.

13. It was a part of the scheme and conspiracy that after the Office of the Comptroller of the Currency began investigating these loans in 2020, defendant **CRAWFORD** told a straw purchaser to falsely tell investigators that the straw purchaser had, at the time of purchase, intended to live in the subject property, and then defendant **CRAWFORD** followed up with the straw purchaser to determine whether the straw purchaser had lied to investigators as instructed.

All in violation of Title 18, United States Code, Section 1349.

STEVEN D. WEINHOEFT
United States Attorney

*Kevin F. Burke*

Kevin F. Burke
Assistant United States Attorney

Recommended Bond: Release on own recognizance for both defendants.